

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 18, 1950.

Hon. A. G. Mueller
County Attorney
Llano County
Llano, Texas

Opinion No. V-1089.

Re: The authority of the
Commissioners' Court
to cash Government
bond school fund in-
vestments before ma-
turity and reinvest
in independent school
district bonds having
a lower interest rate.

Dear Mr. Mueller:

You have requested an opinion of the Attorney General concerning the authority of the Commissioners' Court to sell at a discount United States Government bonds belonging to the permanent school fund of the county in order to invest the proceeds in bonds of the Llano Independent School District which would yield the permanent school fund a lower rate of interest than the United States Government bonds.

Section 6 of Article VII of the Constitution of Texas provides:

"All lands heretofore, or hereafter granted to the several counties of this State for educational purposes, are of right the property of said counties respectively, to which they were granted, and title thereto is vested in said counties, and no adverse possession or limitation shall ever be available against the title of any county. Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county. Actual settlers residing on said land, shall be protected in the prior right of purchasing the same to the extent of their settlement, not to exceed one hundred and sixty acres, at the price fixed by said court, which price shall not include the value of existing improvements made thereon by such

settlers. Said lands, and the proceeds
thereof, when sold, shall be held by said
counties alone as a trust for the benefit
of public schools therein; said proceeds to
be invested in bonds of the United States,
the State of Texas, or counties in said
State, or in such other securities, and un-
der such restrictions as may be prescribed
by law; and the counties shall be responsi-
ble for all investments; the interest there-
on, and other revenue, except the principal
shall be available fund."

Article 2824, V.C.S., provides:

"Each county may sell or dispose of the
lands granted to it for educational purpose
in such manner as may be provided by the com-
missioners court of such county, and the pro-
ceeds of any such sale shall be invested in
bonds of the United States, the State of Tex-
as, the bonds of the counties of the State,
and the independent or common school dis-
tricts, road precinct, drainage, irrigation,
navigation and levee districts in this State,
and the bonds of incorporated cities and
towns, and held by such county alone as a
trust for the benefit of public free schools
therein, only the interest thereon to be
used and expended annually."

By virtue of the foregoing constitutional and
statutory provisions, interest paid on investments of
moneys belonging to the permanent school fund of a coun-
ty is deposited in the available school fund of the coun-
ty rather than the permanent school fund. Furthermore,
moneys belonging to the permanent school fund cannot be
expended or used by the county.

Under the facts submitted, the Commissioners'
Court would sell United States Government bonds belong-
ing to the permanent school fund of the county at a dis-
count, thereby diminishing the permanent school fund. It
is our opinion that such a procedure would be in viola-
tion of Section 6 of Article VII of the Constitution of
Texas.

If, on the other hand, the government bonds in
question are sold at not less than par, the Commissioners'

Court would have authority under Article 2824 to invest the proceeds in bonds of independent school districts.

Since Section 6 of Article VII of the Constitution of Texas makes the Commissioners' Courts trustees of a permanent school fund of a county for the benefit of public schools, it was held in <u>Delta County v. Blackburn</u>, 100 Tex. 51, 93 S.W. 419 (1906) that the Commissioners' Court could not reduce the interest rate on a note from seven per cent to three per cent.

In view of the foregoing, it is our opinion that it is within the discretion of the Commissioners' Court to determine in what securities it will invest moneys belonging to the permanent school fund of the county.  If the facts should show, however, (considering the interest rate and maturity date of the bonds) that the Commissioners' Court abused its discretion in investing the moneys belonging to the permanent school fund of the county and did not invest this money for the benefit of the permanent school fund of the county and the county available school fund, it is our opinion that the Commissioners' Court's order would not be valid.

You also ask if the Commissioners' Court would have the authority to sell United States Government bonds at a discount and purchase the Llano Independent School Districts' bonds if the Llano Independent School District would pay the amount of the discount necessary to obtain the money on the government bonds.  In answer to this question, we call your attention to the provisions of Article 2786 which would prohibit the Llano Independent School District from paying the discount, since Article 2786 prohibits the school district from selling its bonds at less than par.

## SUMMARY

The Commissioners' Court cannot sell United States Government bonds belonging to the permanent school fund of the county at a discount.  Tex.Const., Art.VII, Sec.6.

It is within the discretion of the Commissioners' Court to decide in what securities (authorized by Article 2824, V.C.S.) it may invest moneys belonging to the permanent school fund.  The Commissioners' Court holds

moneys belonging to the permanent school fund in trust for public schools, and cannot abuse this discretion. Delta County v. Blackburn, 100 Tex. 51, 93 S.W. 419 (1906).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
    John Reeves
      Assistant